## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANTJUAN L. MEEKS, Inmate #S03014,** )
                                                               )
       **Plaintiff,**                )
                                                               )
**vs.**                                                            )
                                               )   **CIVIL NO. 07-82-MJR**
**CITY OF ALTON POLICE** )
**DEPARTMENT, OFFICER VINCENT** )
**WARLICK, and JOHN DOE,** )
                                             )
      **Defendants.**             )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

       Plaintiff, an inmate in the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed

at this point in the litigation.

## FACTUAL ALLEGATIONS

Plaintiff states that on February 13, 2005, City of Alton, Illinois, Police Officers used excessive force in arresting him, in violation of the Fourth Amendment. When Defendant Warlick arrived at Plaintiff's home after a domestic dispute call, he directed an unnamed officer to "taser" Plaintiff, who was lying naked in his bed and not resisting arrest. Defendant Warlick and two unnamed officers handcuffed Plaintiff, took him outside, and "dropped [him] in the mud." Defendant Warlick told Plaintiff that he was going to "teach [him] a lesson." Defendant Warlick then drew his gun and hit Plaintiff in the eye with it. The unknown officers punched and kicked Plaintiff in the face. Defendant Warlick then ordered the unknown officers to "tase" Plaintiff, which they did repeatedly. Plaintiff states that he was "tased" so many times that he fell unconscious, and upon arrival at the police station, he could not walk without assistance. Defendant Warlick and the unknown officers dragged Plaintiff out of the police car and told him that if he said anything about his treatment upon arrest, "that it would happen again." Plaintiff was placed in a cell and given no medical treatment for his injuries. The next day he was transferred to the Madison County Jail where he received medical treatment. After he was placed in the custody of the Illinois Department of Corrections, he received an examination by an optometrist, who told him that his optic nerve was irreversibly damaged in the beating.

## LEGAL STANDARDS

Claims of excessive force during an arrest are analyzed under the Fourth Amendment's "reasonableness" standard. *See Graham v. Connor*, 490 U.S. 386 (1989). In determining the reasonableness of the force used, a Court will consider the facts and circumstances of the case, the

severity of the crime at issue, the threat posed by the suspect to the safety of the officers or others, and whether the suspect was attempting to resist or evade arrest. The objective reasonableness of the officers' response will be based upon the information the officers had at the time of the arrest. *See Lawrence v. Kenosha County*, 391 F.3d 837, 843 (7th Cir. 2004). Based on these standards, Plaintiff's claims of excessive force by Defendant Warlick and the other unknown officer during his arrest cannot be dismissed at this time.

The Court notes, however, that Plaintiff has not stated a claim against the City of Alton Police Department. In order to obtain section 1983 relief against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality or municipal department. *See Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 691 (1978); *Forman v. Richmond Police Dept.*, 104 F.3d 950, 965 (7th Cir. 1997). Accordingly, the City of Alton Police Department is **DISMISSED** as a defendant from the action.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants *Warlick and John Does* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **3** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Warlick and John Does*. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and

sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Warlick and John Does* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.  *Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is ADVISED that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.*

With respect to former employees of the Alton, Illinois, Police Department who no longer can be found at the work address provided by Plaintiff, the City of Alton shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the City of Alton pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**PENDING MOTION**

Also pending before the Court is Plaintiff's motion for appointment of counsel (Doc. 3). When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). Plaintiff makes no showing that he has attempted to retain counsel. Therefore, the Court finds that appointment of counsel is not warranted at this time. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 5th day of February, 2007.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**